Montgomery S. Pisano *SBN 205230*
**PENINSULA LAW GROUP, APLC**
789 Castro Street
Mountain View, California 94041
Telephone: (650) 903-2200
Facsimile: (650) 969-3699
Email: *mpisano@plg1.com*

Attorneys for Antonio Alcazar

FILED
2007 SEP 11 P 3: 25
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

E-FILING

## IN THE UNTIED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ALCAZAR, an individual<br><br>Plaintiff,<br><br>V.<br><br>SCME MORTGAGE BANKERS, INC., a California Corporation; HILLTOP FINANCIAL MORTGAGE, a California Corporation; HOMECOMINGS FINANCIAL, LLC, a California Limited Liability Company; DeeDee Santiago, an individual; Dolores Sotelo, an individual, and; DOES 1 - I 00, inclusive,<br><br>Defendants. | Case Action No.<br><br>**C07 04687**<br><br>**PLAINTIFF'S COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, RESPA, TRUTH IN LENDING ACT, UNRUH CIVIL RIGHTS ACT, FRAUD CALIFORNIA CIVIL CODE § 1632, CALIFORNIA CIVIL CODE § 1788 CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ., NEGLIGENT TRAINING, NEGLIGENT SUPERVISION AND, FOR RESCISSION.**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.  By this Complaint, Plaintiff Antonio Alcazar seeks redress of the fraudulent and predatory lending practices of Defendant SCME Mortgage Bankers and Hilltop Financial

COMPLAINT - Alcazar

1

Mortgage.

**JURISDICTION AND VENUE**

2. This action arises under the Fair Housing Act, 42 U.S.C. § *3605;* the Equal Credit Opportunity Act, I 5 U.S.C. § 1691; and the Truth in Lending Act, 15 U.S.C. § 1639; this Court has jurisdiction pursuant to 28 U.S.C. § 1331 of the claims asserted by Plaintiff there under. The Court has jurisdiction pursuant to 28 U.S.C. § 1367 of the claims asserted by Plaintiff under the laws of the State of California.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this Complaint occurred here.

4. Pursuant to Local Rule 3-5, Plaintiff states that the existing intra district assignment to the San Jose division is proper because this action arose in Santa Clara County.

**PARTIES**

5. Plaintiff Antonio Alcazar {"**Mr. Alcazar**") is a naturalized citizen of Mexican national origin residing in the City of Sunnyvale, County of Santa Clara, State of California. Mr. Alcazar's primary language is Spanish, he speaks very little English and is illiterate in English, and does not read very well even in his native language of Spanish. Mr. Alcazar earns approximately $1,600 a month working as a dishwasher in a restaurant. Mr. Alcazar is married to Felipa Alcazar.

6. Defendant SCME Mortgage Bankers, Inc. ("**SCME**") is a corporation organized under the laws of the State of California with its principal place of business in San Diego, California, regularly doing business in Santa Clara county, California.

7. Defendant Hilltop Financial Mortgage, Inc. ("**Hilltop**") is a corporation organized under the laws of the State of California with its principal place of business in San Jose, California, regularly doing business in Santa Clara county, California.

COMPLAINT - Alcazar

2

8. Defendant Homecomings Financial, LLC ("**Homecomings**") is a limited liability corporation organized under the laws of the State of California, regularly doing business in Santa Clara county, California.

9. Defendants DeeDee Santiago ("**Santiago**") and Dolores Sotelo ("**Sotelo**") are individuals residing in Santa Clara County, California and regularly do business in Santa Clara County, California. Furthermore, Defendants Santiago and Sotelo were at all relevant times agents of co-defendants SCME, Hilltop, and Homecomings, and were either employed by those entities as brokers or salespersons, and/or acting as authorized agents.

10. Defendants Doe 1 through 100, inclusive, are sued under fictitious' names because their true names and capacities are unknown to Mr. Alcazar, who will further amend this Complaint when he learns them. Mr. Alcazar is informed and believes and on that basis alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences alleged herein, and that his damages were caused by those defendants. All references to any defendant in the following allegations shall be interpreted to include a reference to any and/or all of these Doe defendants. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Doe defendant, is in some manner, responsible for the events and happenings herein referred to, either contractually or tortuously, and caused damages to Plaintiff as alleged below.

11. Mr. Alcazar is informed and believes, and on that basis alleges, that at all relevant times each of the defendants was the agent, servant, and employee of all other defendants and was acting within the scope of his or her authority as agent, servant, and employee with the permission and consent of his or her co-defendants.

12. Mr. Alcazar is informed and believes, and thereon alleges, that the defendants, and each of them, furthered the conspiracy by cooperating or lending aid, assistance, and encouragement to, or ratified and adopted the acts of, their fellow defendants and conspirators. The purpose of this conspiracy was to engage in the conduct alleged below. Mr. Alcazar is

informed and believes and thereon alleges, that the defendants, and each of them knowingly, willfully, and maliciously agreed and conspired among themselves to engage in conduct and acts alleged in this complaint pursuant to and furtherance of a conspiracy and agreement to engage in such tortuous conduct. Mr. Alcazar is informed and believes, and thereon alleges, that the defendants, and each of them, furthered the conspiracy by cooperating or lending aid, assistance, and encouragement to, or ratified and adopted the acts of their fellow defendants and conspirators. The purpose of this conspiracy was to engage in the tortuous conduct alleged below.

## FACTUAL ALLEGATIONS

13. Mr. Alcazar owns, and resides with his family in a home located at 221 Del Norte Avenue, Sunnyvale, California 94086 ("**Subject Property**"). Mr. Alcazar purchased his home in 1994 with his wife of many years. To do so, the Alcazars obtained a purchase money mortgage. They then refinanced in 2003 in the approximate amount of $353, 970. The interest rate was 5.401% with a fixed monthly payment of approximately $1,987.

14. In 2005, Mr. Alcazar wanted to help his son purchase a home. His realtor referred Mr. Alcazar to Defendant Santiago. Mr. Alcazar was approached by Defendant Santiago, who introduced herself as an employee of Defendant Hilltop. Over the next months, Defendant Santiago continued to press Mr. Alcazar to refinance. Because Santiago was aware that Mr. Alcazar speaks no English, Defendant addressed her communications to Mr. Alcazar in Spanish.

15. In the course of her pursuit of Mr. Alcazar, Defendant Santiago learned that he wanted to lower his payment, if possible and to get money to help his son purchase a home. Mr. Alcazar repeatedly told Defendant Santiago that he only wanted to refinance if he could either lower his payment or keep it the same and obtain money to be able to help his son purchase a home. Mr. Alcazar also repeatedly expressed his strong desire to have the interest rate fixed. Mr. Alcazar was vehement in his desire to have a fixed rate. To induce Mr. Alcazar to refinance his current loan Defendants orally represented to Mr. Alcazar that he could do so with very little increase in his monthly payments by taking advantage of a decline in interest rates. Specifically,

1  Defendant Santiago represented to Mr. Alcazar that the monthly payment on his new loan would
2  be fixed, have no prepayment penalty, and the monthly payment would be lower or the same as
3  his monthly payment, including property tax and insurance impounds, and that the refinancing
4  would entail no additional costs other than a nominal appraisal fee. On numerous occasions
5  Defendants represented and promised that the loan would be fixed and have no prepayment
6  penalty. On the basis of these representations, Mr. Alcazar agreed to refinance with Hilltop.

8   16.   On or about October 18, 2005, Defendant SCME provided Mr. Alcazar with a
9  Truth in Lending Statement and a Good Faith Estimate of the terms of his new loan. The Truth in
10 Lending Statement and Good Faith Estimate was only is English, where Defendants Santiago,
11 Hilltop, and SCME knew, or should have known because Mr. Alcazar expressed his inability to
12 understand English on any level, that Mr. Alcazar only speaks Spanish and is illiterate in English.
13 The Truth in Lending Statement and Good Faith Estimate were entirely inconsistent with the
14 representations of Defendant Santiago and Hilltop. The Truth in Lending Statement showed an
15 APR of 1.019% and that the loan included a variable rate that can change every month. The loan
16 shown on the documents listed a variable loan, that is not a fixed rate at all. Furthermore, the
17 loan is a Negative Amortization loan ("**Neg-Am**"). The effects of this Neg-Am loan, the way it
18 can negatively effect the principal and equity of his residence was never explained to Mr.
19 Alcazar. The loan stated on the Truth in Lending Statement and Good Faith Estimate,
20 completely goes against the desires that Mr. Alcazar vehemently expressed numerous times to
21 Defendants Santiago, Hilltop, and SCME. Furthermore, the Truth in Lending Statement goes
22 directly against the promises and representations of Defendant Santiago and Hilltop.

24  17.   Mr. Alcazar closed on his new loan on December 22, 2005. Prior to this
25 closing, on or around December 14th 2005, Defendants came to Mr. Alcazar's residence, armed
26 with a Notary Pubic and caused Mr. Alcazar to sign closing documents without explaining what
27 any of the documents were. All of the documents were in English, and no translator was present,
28 and no documents were created in Spanish. Some of the documents were blank and incomplete
   forms that were used by defendants to forge a statement of income from Mr. Alcazar. Mr.

COMPLAINT - Alcazar

5

Alcazar was not given copies of all the signed relevant documents.

18. Although Defendants Santiago, Hilltop, and SCME were aware throughout that Mr. Alcazar neither speaks nor reads English, all of the documents provided to Mr. Alcazar by the Defendants were in English. Furthermore, Defendants made no attempt to translate or otherwise explain the terms contained in those documents to Mr. Alcazar. On the contrary, when Mr. Alcazar at one point inquired whether she should consult an attorney, she was assured by Defendants that she had no need of an attorney.

19. Subsequent to the closing, Mr. Alcazar repeatedly requested, that SCME provide him with a complete set of loan documents, including the Note, all Good Faith Estimates, and any Loan Applications taken in connection with the loan. After many attempts, SCME failed to respond to Mr. Alcazar's requests.

20. Mr. Alcazar is informed and believes and on that basis alleges that the Defendants, and each of them, forged documents and Mr. Alcazars' signature. Specifically, Mr. Alcazar's signature was forged on that specific Prepayment Penalty Addendum dated December 15, 2005.

21. Mr. Alcazar is informed and believes and on that basis alleges that the conduct of the Defendants, and each of them, as alleged above, is part of a pattern and practice of predatory lending directed at low-income members of the Latino community in and around Santa Clara County. Specifically, the Defendants, and each of them, preys on borrowers who, like Mr. Alcazar, speak Spanish and read little or no English by making loans on terms less favorable than those available to non-Hispanic customers who are not better qualified. In addition, the Defendants, and each of them, regularly makes loans it knows, or should know, cannot be repaid, thereby exposing its financially unsophisticated borrowers to unwarranted risk of default and foreclosure.

22. Mr. Alcazar is informed and believes and on that basis alleges that soon after the

close of Mr. Alcazar's loan, SCME sold the loan to Defendant Homecomings. Mr. Alcazar further alleges that prior to the sale or transfer of Mr. Alcazar's loan, Homecomings knew or should have known, about the fraudulent practices, acts, errors, and omissions of the other co-defendants as previously alleged above. Mr. Alcazar's loan is in good standing with Homecomings, but he lives in fear of default and a foreclosure on his home due to the excessive monthly payments and loss of equity of his home.

## First Cause of Action
### Violation of Fair Housing Act, 42 U.S.C. § 3605
(Against Defendants Hilltop, SCME, and Homecomings)

23. Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

24. Defendants Hilltop, SCME, and Homecomings are entities that engage in transactions related to residential real estate, and the loan made by SCME to Mr. Alcazar on or about December 22, 2005 (the "**Loan**") was such a transaction.

25. Mr. Alcazar is a Hispanic man of Mexican national origin.

26. Mr. Alcazar is informed and believes, arid on that basis alleges, that Defendants Hilltop, SCME, and Homecomings discriminated against him, on the basis of his race, national origin, and gender, in the terms and conditions of the Loan. Specifically, the terms and conditions offered to Mr. Alcazar were less favorable than those offered by Defendants Hilltop, SCME, and Homecomings to borrowers not better qualified than Mr. Alcazar but of different race, national origin, or gender.

27. Mr. Alcazar has been damaged as a result of Defendants Hilltop, SCME, and Homecomings' discriminatory conduct.

**Second Cause of Action**
**Violation of Equal Credit Opportunity Act, 15 U.S.C. § 1691**
(Against Defendants Hilltop, SCME, and Homecomings)

28.   Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

29.   Defendants Hilltop, SCME, and Homecomings are creditors within the meaning of 15 U.S.C. § 169 1(e).

30.   The Loan was a credit transaction.

31.   Mr. Alcazar is informed and believes, and on that basis alleges, that Defendants Hilltop, SCME, and Homecomings discriminated against him, on the basis of his race, national origin, and gender, in the terms and conditions of the Loan. Specifically, the terms and conditions offered to Mr. Alcazar were less favorable than those offered by Defendants Hilltop, SCME, and Homecomings to borrowers not better qualified than Mr. Alcazar but of different race, national origin, or gender.

32.   Mr. Alcazar has been damaged as a result of Defendants Hilltop, SCME, and Homecomings' discriminatory conduct.

**Third Cause of Action**
**Violations of Truth In Lending Act, 15 U.S.C. § 1639 and**
**Federal Reserve Regulation Z, 12 C.F.R. § 226**
(Against Defendants Hilltop, SCME, and Homecomings)

33.   Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

34. Ameriquest is a creditor within the meaning of the Truth in Lending Act as, implemented by Regulation Z.

35. The Loan is a high-fee loan within the meaning of 12 C.F.R. § 226.32(a)(1)(ii).

36. The Loan is subject to a prepayment penalty prohibited by 15 U.S.C. § 1639(c).

37. In extending the Loan, Defendants Hilltop, SCME, and Homecomings failed to take into account the ability of Mr. Alcazar to repay it, in contravention of 15 U.S.C. § 1639(h). Mr. Alcazar is informed and believes, and on that basis alleges, that Defendants Hilltop, SCME, and Homecomings' failure to take into account his ability to repay the Loan is but one instance of Defendants Hilltop, SCME, and Homecomings' pattern or practice of making such loans without considering the borrowers' capacity to repay them.

38. Defendants Hilltop, SCME, and Homecomings did not provide Mr. Alcazar with two copies of his three-day right to rescind, in violation of 12 C.F.R. § 226.23.

39. Defendants Hilltop, SCME, and Homecomings knew that Mr. Alcazar continued at all times to maintain all of the insurance coverage required by Defendants Hilltop, SCME, and Homecomings.

40. Defendants Hilltop, SCME, and Homecomings, in bad faith, force placed an insurance policy on Mr. Alcazar's property in violation of TILA and Regulation Z.

41. Defendants Hilltop, SCME, and Homecomings overcharged Mr. Alcazar for closing costs and fees and such fees and costs were not properly disclosed to Mr. Alcazar in violation of TILA and Regulation Z.

COMPLAINT - Alcazar

9

**Fourth Cause of Action**
**Violation of Unruh Act, California Civ. Code § 51**
(Against All Defendants)

42. Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

43. Mr. Alcazar is informed and believes, and on that basis alleges, that Defendants Hilltop, SCME, and Homecomings discriminated against him, on the basis of him race, national origin, and gender, in the terms and conditions of Loan. Specifically, the terms and conditions offered to Mr. Alcazar were less favorable than those offered by Defendants Hilltop, SCME, and Homecomings to borrowers not better qualified than Mr. Alcazar but of different race, national origin, or gender.

44. Mr. Alcazar has been damaged as a result of Defendants Hilltop, SCME, and Homecomings' discriminatory conduct.

**Fifth Cause of Action**
**Fraud**
(Against Defendants Hilltop, SCME, Sotello, and Santiago)

45. Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

46. In and around December of 2005, in or about Sunnyvale, California, Defendants, Hilltop, SCME, Sotello, and Santiago, induced Mr. Alcazar to refinance him loan with Hilltop and SCME by misrepresenting to him, orally and in writing, the terms on which Hilltop and SCME was willing to enter into that transaction, including its principal amount, monthly payment, closing costs, and other terms and conditions.

47. At the time they made these misrepresentations, Defendants Hilltop, SCME, Sotello, and Santiago knew them to be untrue.

48. Defendants Hilltop, SCME, and Homecomings made these misrepresentations to Mr. Alcazar with the specific intent of fraudulently inducing him to enter into a refinancing transaction with Hilltop and SCME. Defendants' intent to defraud is evidenced by, among other things, their failure to provide Mr. Alcazar with any translation of the loan documents, knowing he was unable to read them, and by their false assurances that it was unnecessary for him to consult an attorney.

49. Mr. Alcazar justifiably relied on Defendants' misrepresentations. Absent those misrepresentations, Mr. Alcazar would not have entered into this transaction.

50. As a direct and proximate result of Defendants' misrepresentations, Mr. Alcazar has suffered damage, including, but not limited to, payments made to Defendants Hilltop, SCME, and Homecomings in connection with the Loan.

51. Defendants' conduct as alleged herein was intentional, malicious, and oppressive.

### Sixth Cause of Action
### Violation of California Civil Code § 1632
(Against All Defendants)

52. Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

53. Mr. Alcazar is informed and believes, and on that basis alleges, that Defendants Hilltop, SCME, and Homecomings are real estate brokers within the meaning of section 10131 of the California Business and Professions Code.

COMPLAINT - Alcazar

54. Mr. Alcazar is informs and believes, and on that basis alleges, that the Loan is subject to the provisions of Article 7 of Chapter 3 of Part 1 of Division 4 of the California Business and Professions Code.

55. Defendants Sotello and Santiago, as agents of Defendants Hilltop and SCME, negotiated with Mr. Alcazar in the course of making the Loan primarily in the Spanish language.

56. At no time did Defendants Hilltop, SCME, Sotello, or Santiago ever provide Mr. Alcazar with a Spanish-language translation of the Loan documents, nor did they ever provide him with a Spanish-language translation of the statement required by section 10240 of the California Business and Professions Code, nor did they ever provide him with a Spanish-language translation of the disclosures required by Regulation M or Regulation.

**Seventh Cause of Action**
**Violation of RESPA**
(Against Defendants Hilltop, SCME, and Homecomings)

57. Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

58. The December 22, 2005 loan agreement between SCME and Plaintiff is a federally related mortgage loan as defined in the Real Estate Settlement Procedures Act 12 U.S.C. § 2602.

59. Hilltop, SCME, Sotello, and Santiago home mortgage loans are federally related mortgage loans as defined in the Real Estate Settlement Procedures Act 12 U.S.C. § 2602.

60. Defendants have violated RESPA by failing to provide the disclosures required by RESPA in an accurate and timely fashion.

61. Defendants placed an insurance policy on Mr. Alcazar's property when an insurance policy was already in place.

62. Mr. Alcazar is informed and believes and on that basis alleges that defendants received an unlawful kickback or an unearned fee for placing the aforementioned insurance policy in violation of 12 U.S.C. § 2607.

63. Mr. Alcazar is informed and believes and on that basis alleges that defendants charged Mr. Alcazar for the preparation of disclosure statements required by the Truth in Lending Act, the HUD-1 Settlement Statement and/or escrow account statement.

64. Mr. Alcazar is informed and believes and on that basis alleges that the fees charged were not reasonably related to the services performed by defendants.

**Eighth Cause of Action**
**Violation of California Bus. & Prof. Code § 17200, et seq.**
(Against Defendants Hilltop, SCME, and Homecomings)

65. Plaintiff hereby incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

66. Mr. Alcazar is informed and believes, and on that basis alleges, that Defendants Hilltop, SCME, and Homecomings has performed numerous acts of unfair competition within the State of California. Those acts include, but are not limited to, the following:

(a) By offering and making loans to Mr. Alcazar and other Latinas on terms less favorable than those offered to borrowers not better qualified but of different national origin or gender, Defendants Hilltop, SCME, and Homecomings has engaged in unlawful business practices within the meaning of section 17200 of the California Business and Professions Code;

(b)     By failing to take into account the ability of Mr. Alcazar and other borrowers of Hispanic national origin to repay such loans, Defendants Hilltop, SCME, and Homecomings has engaged in unlawful business practices within the meaning of section 17200 of the California Business and Professions Code;

(c)     By misrepresenting to Mr. Alcazar and other persons of Hispanic national origin the terms on which it is willing to enter into refinancing or other loan transactions with them, Defendants Hilltop, SCME, and Homecomings has engaged in fraudulent business practices within the meaning of section 17200 of the California Business and Professions Code;

(d)     By failing to provide Mr. Alcazar and other borrowers of Hispanic national origin with Spanish-language translations of applicable loan documents, after negotiating with such borrowers primarily in Spanish, Defendants Hilltop, SCME, and Homecomings has engaged in unlawful and unfair business practices within the meaning of section 17200 of the California Business and Professions Code.

### Ninth Cause of Action
### Negligent Training
(Against Defendants Hilltop and SCME)

67.     Plaintiff hereby incorporates by reference each of the preceding paragraphs of this complaint as if fully set forth herein.

68.     Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.

69.     Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with' all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.

70.     Defendants breached their duty to Plaintiffs by failing to adequately train their employees and agents to comply with professional, industry-wide best practices standards and by

allowing their employees and agents to operate without such adequate training. Moreover, Defendants' conduct fell below the standard of care as they trained and/or actively encouraged their employees and agents to act in violation of applicable laws, rules and/or regulations and professional, industry-wide best practices standards. Defendants failed to take reasonable steps to protect Plaintiff though they knew or had reason to know that their failure to adequately train their employees and/or agents would result in the detriment of Plaintiffs. In doing the acts, alleged above, defendants and each of them have acted with fraud, malice and oppression towards Plaintiff thereby entitling Plaintiffs to punitive damages in an amount according to proof.

**Tenth Cause of Action**
**Negligent Supervision**
(Against Defendants Hilltop and SCME)

71. Plaintiff hereby incorporate by reference each of the preceding paragraphs of this complaint as if fully set forth herein

72. Defendants owed Plaintiff a duty of reasonable care that required Defendants to supervise and ensure that their employees and agents complied with all applicable laws, rules and regulations and in accordance with professional, industry-wide best practices standards. Defendants knew or had reason to know that their employees and agents had engaged in past and ongoing improper conduct on behalf of Defendants to the detriment of Defendants' customers and that Defendants' employees and agents posed a reasonably foreseeable threat to Plaintiff without adequate supervision, control or regulation. .

73. Defendants breached their duty to Plaintiff by failing to adequately and properly supervise, control or regulate their employees and agents from engaging in the unlawful conduct described hereinabove, or otherwise taking reasonable steps to protect Plaintiff.

74. As a proximate cause of the Defendants' negligent conduct, Plaintiff suffered damages according to proof.

COMPLAINT - Alcazar

75. In doing the acts, alleged above, defendants and each of them have acted with fraud, malice and oppression towards Plaintiff thereby entitling Plaintiff to punitive damages in an amount according to proof.

### Eleventh Cause of Action
### Rescission and Recessionary Damages
(Against Defendants Hilltop and SCME)

76. Plaintiff hereby incorporate by reference each of the preceding paragraphs of this complaint as if fully set forth herein.

77. Plaintiff consented to the mortgage loans obtained by Defendants and each of them through mistake fraud or undue influence. Defendants, with intent to deceive Plaintiff and unduly influence him to consent to the Loan knew or should have known that Plaintiff was unaware of the true terms of the loan and did not have sufficient income to afford to pay, did fraudulently conceal from Plaintiff that he was placing his home and financial viability at severe risk.

78. At the time that Defendants, and each of them, made the misrepresentations and engaged in the concealment and deceit as alleged heron, and at the time Plaintiffs signed the application for a mortgage and signed the loan documents he was unaware that the misrepresentations, deceit and inducements were false and fraudulent, but instead believed them to be truthful and reasonably relied on them, thereby entering into the refinance of the property and the Loan without benefit of the true facts and by coercion and mistake

79. As a result of the fraudulent misrepresentations deceit and inducements by Defendants and each of them, Plaintiff have incurred and will incur substantial financial damage as herein alleged

80. Plaintiff hereby serves notice of his demand for recessionary damages on the

ground of fraudulent misrepresentation and inducement, duress, undue influence and mistake by defendants and each of them as herein alleged.

81. Plaintiff demand restitution from defendants and each of them, in an amount that will make him whole for any losses suffered as a result of undisclosed costs of the mortgages and for the full amount of any commissions earned by Defendants and all profits earned by the Defendants.

82. In doing the acts, alleged above, Defendants and each of them have acted with fraud, malice and oppression towards Plaintiff thereby entitling Plaintiffs to punitive damages in an amount according to proof.

## PRAYER

WHEREFORE, Mr. Alcazar prays for relief as follows:

ON HIS FIRST CAUSE OF ACTION

1. Compensatory damages subject to proof at trial;

2. Punitive damages;

3. Attorneys' fees and costs according to statute;

4. Injunctive relief prohibiting Defendants from continuing to discriminate against persons of Hispanic national origin in the terms and conditions of loans made to such persons;

ON HIS SECOND CAUSE OF ACTION

5. Compensatory damages subject to proof at trial;

6. Punitive damages;

7. Attorneys' fees and costs according to statute;

ON HIS THIRD CAUSE OF ACTION

8. Compensatory damages subject to proof at trial;
9. Statutory damages of $2000 per occurrence;
10. All finance charges and fees paid to Defendants;
11. Rescission of the Loan;
12. Attorneys' fees and costs according to statute;

ON HIS FOURTH CAUSE OF ACTION

13. Treble compensatory damages subject to proof at trial;
14. Attorneys' fees and costs according to statute;

ON HIS FIFTH CAUSE OF ACTION

15. Compensatory damages subject to proof at trial;
16. Punitive damages;

ON HIS SIXTH CAUSE OF ACTION

17. Rescission of the Loan;
17. Attorneys' fees and cost

ON HIS SEVENTH CAUSE OF ACTION

19. Compensatory damages subject to proof at trial;
20. Treble damages;
21. Statutory fine of $10000;
22. Attorneys' fees and costs according to statute

///

COMPLAINT - Alcazar

///

ON HIS EIGHTH CAUSE OF ACTION

23. Restitution of all interests in money or property acquired by Defendants by means of its unfair competition;

24. Injunctive relief prohibiting Defendants from continuing to perform acts of unfair competition in the State of California;

25. Attorneys' fees and costs;

ON HIS NINTH CAUSE OF ACTION

26. General damages according to proof';

27. Special damages according to proof~ , .

28. Rescission of the Loan;

29. Attorneys' fees and costs;

ON HIS TENTH CAUSE OF ACTION

30. General damages according to proof';

31. Special damages according to proof~ , .

32. Rescission of the Loan;

33. Attorneys' fees and costs;

ON HIS ELEVENTH CAUSE OF ACTION

34. General damages according to proof';

35. Special damages according to proof~ , .

36. Rescission of the Loan;

37. Attorneys' fees and costs;

ON ALL CAUSES OF ACTION

38. Such other relief as the Court deems just and proper.

DATE: 9/11/07

PENINSULA LAW GROUP, APLC

**MONTGOMERY S. PISANO**
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 30-6, Plaintiff hereby demands a trial by jury.

DATE: 9/11/07

PENINSULA LAW GROUP

**MONTGOMERY S. PISANO**
Attorney for Plaintiff

COMPLAINT - Alcazar