Montgomery S. Pisano *SBN 205230*
**PENINSULA LAW GROUP, APLC**
789 Castro Street
Mountain View, California 94041
Telephone: (650) 903-2200
Facsimile: (650) 969-3699
*Email: mpisano@plg1.com*

**Attorneys for Antonio Alcazar**

# IN THE UNTIED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ALCAZAR, an individual<br><br>　　Plaintiff,<br><br>V.<br><br>SCME MORTGAGE BANKERS, INC., a California Corporation; HILLTOP FINANCIAL MORTGAGE, a California Corporation; HOMECOMINGS FINANCIAL, LLC, a California Limited Liability Company; DeeDee Santiago, an individual; Dolores Sotelo, an individual, and; DOES 1 - I 00, inclusive,<br><br>　　Defendants. | **Case Action No.  C07-04687 HRL-JRG**<br><br>**CASE MANAGEMENT STATEMENT** |

The Plaintiff to the above-entitled case submits this Case Management Statement and

request that the Court adopt the Statement in issuing its Case Management Order.

Case MSTMT - Alcazar

**Civil Procedures**

Plaintiff has agreed in principal with Defendant Homecomings, and plan to dismiss it from this action. Plaintiff will be filing defaults against the remaining served parties. After filing of the defaults, Plaintiff may be filing an amendment to the complaint, replacing DOES with named defendants.

**DESCRIPTION OF THE CASE**

**1.  A brief description of the events underlying the action:**

Plaintiff Antonio Alcazar alleges that Defendants wrongfully lured him into a home loan refinance. Since that refinance, Plaintiff claims that he has suffered damages in the way of lost value of home, payments made to Defendants, interest paid to Defendants, and lost income.

This suit is intended to recover damages suffered by Plaintiff for the conduct set forth in the Complaint. The damages claimed by Plaintiff fall into the following categories: Violation of fair housing act, RESPA, Truth in lending act, Unruh civil rights act, Fraud, California civil code § 1632, California civil code § 1788 California business and professions code § 17200, Negligent training, Negligent supervision, and for rescission. The total monetary value of these violations is in excess of 1.5 million dollars. Calculations were based on lost value of home, payments made to Defendants, interest paid to Defendants, lost income, and those statutory penalties arising from Defendant's violation of the above State and Federal Constitutional Protections.

**The principal factual issues which the parties dispute:**

**(a)**   Whether or not the activities of Defendants make them liable to Plaintiff for the current refinance of his home.

**The principal legal issues which the parties dispute:**

(a)   Whether Defendants violated the Violation of fair housing act, RESPA, Truth in lending act, Unruh civil rights act, Fraud, California civil code § 1632, California civil code § 1788 California business and professions code § 17200, were negligent in training, were negligent in supervision.

(b)   Whether Plaintiff is entitled to monetary and injunctive relief for the activities of Defendants.

**2.**   **The other factual issues that remain unresolved:**

(a)   None other than those stated in the Complaint.

**3.**   **The parties which have not been served:**

Denise Sotello, an individual.

**4.**   **The additional parties which the herein identified parties intend to join and the intended time frame for such joinder:**

New Century Title or its current name of Land America Commonwealth, both are title and escrow companies.  Also Plaintiff may add individuals Thanh Nguyen, Ibrahim Kaba, and Sunmeet Anand, the Real Estate Brokkers associated with Defendant Hilltop.  The parties reserve the right to add additional parties as discovery is conducted.

**5.    The following parties consent to assignment of this case to a United States magistrate Judge for jury trial**

N/A

**ALTERNATIVE DISPUTE RESOLUTION**

**6.    The parties have not filed a Notice of Need for ADR phone conference and the phone conference was held on or is scheduled for:**

NA

**7.    Other information regarding ADR process or deadline:**

The parties have agree to participate in an E.N.E. process to determine to encourage settlement and resolution.

**DISCLOSURES**

**8.    The parties certify that they have made the following disclosures:**

Plaintiff and Defendants are to serve their respective Initial Disclosure Statements pursuant to Rule 26.

**DISCOVERY**

**9.    The parties have agreed to the following discovery plan:**

(a)    Each party may take all depositions agreed to by code or as agreed to between parties.

(b)    Each Party shall be entitled to propound written discovery.

(c) Each party may propound a limited amount of requests for production of documents or things.

(d) Each party may propound limited amount of request for admissions

(e) Fact discovery cutoff 30 days before trial.

(f) Expert disclosures and reports 60 days before trial.

(g) Expert rebuttal reports.

(h) Expert dispositions to be completed

(i) Last day of hearing on motions

(j) The parties agree to meet and confer concerning any modifications to this plan.

## TRIAL SCHEDULE

**10.   The parties do not request a trial date.**

**11.   The parties expect that the trial will last for the following number of days:**

5 to 7 days.

DATE:      3/6/08                    **PENINSULA LAW GROUP, APLC**


      ___/s/___MONTGOMERY S. PISANO_____
      **MONTGOMERY S. PISANO**
      Attorney for Plaintiff